[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PRESENTMENT OF ATTORNEY FOR MISCONDUCT
I.
The Statewide Grievance Committee (hereinafter, the Committee) has brought the instant presentment seeking the disbarment of the respondent, Thomas M. Germain. After pleading guilty to the charge of Embezzlement by a Bankruptcy Trustee (18 U.S.C. § 153), Mr. Germain was sentenced on January 3, 1994 to a 27 month term of imprisonment, a 24 month period of probation and an order to make restitution in the sum of $822,756.94.
After the Committee instituted this action, Mr. Germain tendered his resignation pursuant to P.B. § 35 but reserved his right to apply for readmission.[1] The resignation was not accepted by the Committee. On March 9, 1994, the court, Langenbach, J., placed Mr. Germain on interim suspension and on March 22, 1994, pursuant to P.B. § 46B, Attorney Monica Lafferty Harper was appointed to protect the interests of his clients. Attorney Harper was unable to procure access to Mr. Germain's files and sought an order of seizure which was granted by Judge Langenbach on May 31, 1995.
On May 10, 1996, after Mr. Germain was released from prison the Committee sought, pursuant to P.B. § 28B.1, to finalize the disciplinary proceedings. The complaint, based on the felony conviction, also alleged that in committing the felony, Mr. Germain violated Rules 1.15 and 8.4 of the Rules of Professional Conduct.[2] On October 4, 1996, the Committee moved to amend the presentment by alleging that Mr. Germain failed to properly pursue certain bankruptcy and work out matters for Dana Fortier and Steven Fortier as well as properly pursue a civil action for John and Joan Paylak Day. Mr. Germain admitted the allegations concerning the latter clients.
II.
CT Page 2370
Practice Book § 28B.1 requires the reviewing court to determine "the extent of the final discipline to be imposed. . . ."[3] The "paramount importance in attorney disciplinary matters is the protection of the court, the profession of the law and of the public against offenses of attorneys which involve their character, integrity and professional standing." Statewide Grievance Committee v. Shluger,230 Conn. 668, 681 (1994). "Courts are, as they should be, left free to act as may in each case seem best in this matter of most important concern to them and to the administration of justice."In re Peck, 88 Conn. 447, 457 (1914).
This court need really only focus on the felony portion of the complaint. As explained by his counsel, and as noted in his plea agreement, while Mr. Germain pleaded guilty to one count of Embezzlement by a Bankruptcy Trustee for appropriating a $37,250.00 check, he and the government "agree[d] . . . that the defendant engaged in the same or similar conduct as that set forth above on numerous occasions." Indeed, Mr. Germain further acknowledged that "the Government had advised him that it will argue to the Court for purposes of sentencing that the total dollar amount involved for purposes of calculating relevant conduct substantially exceeds the amount involved in the count of conviction, and could well be between $1 and $2 million." Hence, the amount of restitution was ultimately ordered to be $822,756.94.
While not adopted by the judges of this state, the American Bar Association has adopted Standards for Imposing Lawyer Sanctions which utilize, inter alia, a system for comparing aggravating and mitigating factors. In Statewide GrievanceCommittee v. Shluger, supra, 230 Conn. 673, f. 10, the court set forth the factors and ultimately reviewed and upheld the trial court's decision based on those factors. Id., 679-680.
There are certain mitigating factors in Mr. Germain's favor including his absence of a prior disciplinary record and his plea of guilty. Mr. Germain testified that all of his actions were driven by alcoholism and this court notes that while in prison and thereafter he has continued in treatment. His dependence on alcohol, however, does not excuse his actions; individually or collectively, the mitigating factors do not begin to outweigh the opposing aggravating factors. In embezzling these funds, Mr. Germain committed unconscionable breaches of his duties and CT Page 2371 obligations as an attorney and as a trustee. The preamble to our Rules of Professional Conduct states, in part, that "[a] lawyer is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice." The respondent's actions clearly show a major departure from this standard. As noted above, the conduct did not happen only once; it happened again and again and involved numerous individuals and entities. It is clear that Rules 1.15 and 8.4 have been violated. As a result of his flagrant actions and to protect both the public and the profession, this court hereby disbars Mr. Germain, effective immediately.
Berger, J.